IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIDEL ENGINEERING L.P., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:07-CV-77 (TJW) |
| | § | |
| FIRE KING INTERNATIONAL, INC. ET | § | |
| AL., | § | |
| Defendants. | § | |
| | § | |

MEMORANDUM OPINION AND ORDER

Before the court is the defendants' Motion to Transfer Venue, Together with Brief (the

"Motion") (#9), the defendants' Motion for Leave to File a Response to Plaintiff's Surreply (#21),

and the plaintiff's Motion for Leave to File a Reply to the Defendant's Response (#24).  After

considering the filings of the parties and the applicable law, the court grants the two Motions for

Leave (##21 and 24),[1] but DENIES the Motion (#9) for the reasons expressed below.

I.      Factual Background

On March 9, 2007, Tidel Engineering L.P. and Tidel Technologies (collectively, "Old Tidel")

filed a complaint seeking declaratory relief that United States Patent No. 7,063,252 (the "'252

Patent") was invalid, that they did not infringe the '252 Patent, and/or that the '252 Patent was

unenforceable (the "Original Complaint").  On April 5, 2007, before the defendants answered the

Original Complaint, Tidel Engineering, L.P. ("New Tidel"),[2] filed an amended complaint (the "First

---

[1]The court has reviewed the substantive responses attached to the motions for leave.

[2]The difference between New Tidel and Old Tidel is that New Tidel does not include
Tidel Technologies.

Amended Complaint")[3] that, *inter alia,* alleged that defendants infringed United States Patent No. 5,813,510 (the "'510 Patent").  On April 12, 2007, New Tidel filed a motion for leave to file a second Amended Complaint that added, *inter alia,* an allegation that the defendants infringe United States Patent No. 5,742,034 (the "'034 Patent").  On April 16, 2007, the defendants filed a complaint in the United States District Court for the Northern District of Texas (the "Northern District") alleging, *inter alia,* that Tidel Entities and Corporate Safe Specialists, Inc., infringe the '252 Patent.

In June 2005, Corporate Safe Specialists, Inc., filed a patent infringement action alleging that Tidel Engineering L.P., and Tidel Technologies infringed United States Patent No. 6,885,281 B2 (the "'281 Patent") (the "First Northern District Action").  Ultimately, this case was transferred to the Northern District and consolidated with a declaratory judgment action that was also ultimately transferred to the Northern District from the United States District Court for the Eastern District of Texas (the "Eastern District").  The Tidel entities alleged that the '281 Patent was invalid over the '252 Patent.  Consequently, Fire King moved to intervene in that action, but the case settled before the Northern District ruled on Fire King's motion.  Fire King claims that the First Northern District Action should be considered the first filed case for purposes of evaluating the Motion.  The court disagrees.

The plaintiff in this case is a Texas limited partnership located in Carrollton, Texas.  The defendants are business entities (of various types) with principal places of business in Indiana.  The defendants admit that they sell products in the Eastern District.

## II.    Discussion

---

[3]The parties argued the propriety of Tidel Engineering L.P. filing an Amended Complaint under the facts of this case.  The court, however, notes that the defendants used an inappropriate vehicle to address that issue.  That issue is not properly raised in a motion to transfer.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought." 28 U.S.C. § 1404(a) (2004).  It is within the district court's sound discretion whether to transfer venue under section 1404(a).  *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000).  When considering whether to transfer venue, the district court "must exercise its discretion in light of the particular circumstances of the case." *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (stating that district courts have the discretion to decide whether to transfer venue according to "individualized, case-by-case consideration of convenience and fairness").

When deciding whether to transfer venue, the court balances the following two categories of interests: "(1) the convenience of the litigants, and (2) the public interests in the fair and efficient administration of justice." *Hanby*, 144 F. Supp. 2d at 676.  The convenience factors weighed by the district court are the following: (1) the plaintiff's choice of forum; (2) the convenience of the parties and material witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and the availability of the compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *Mohamed*, 90 F. Supp. 2d at 771.  The court also balances the following public interest factors: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *Id.*  The moving party bears the burden of demonstrating that venue should be transferred to another forum. *Hanby*, 144 F. Supp. 2d at 676. To meet this burden, the moving party must show that "good cause" exists to transfer the case.

*A.      Convenience Factors*

1.  The plaintiff' choice of forum

The plaintiff's choice of forum is neither controlling nor determinative, but is still a factor

to be considered.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  The plaintiff chose

to bring this suit in the Eastern District of Texas, Marshall Division.  Therefore, this factor weighs

against transfer.

The defendants argue that the June 2005 suit involving the '281 Patent should be considered

the first filed action.  The court disagrees.  The defendants were not parties to that suit.  The patent

at issue in that case is not at issue in this case.  In fact, the defendants moved to intervene very late

in that suit.  The court in that case did not rule on the defendants' motion to intervene.

2. The convenience of parties and material witnesses

The court will first assess the convenience of the parties.  The convenience of the parties is

accorded less weight in a transfer analysis than the convenience of non-party witnesses.  *Shoemake*,

233 F. Supp. 2d at 832.  In this case, the plaintiff is a Texas L.P. principally located in Carrollton,

Texas, which is in the Northern District.  The defendants are principally located in Indiana.  The

Northern District is no more convenient for the defendants than the Eastern District.  The Northern

District is likely more convenient for the plaintiff, but it chose to file suit in the Eastern District.

The court now considers the convenience of the witnesses.  Generally, in a venue transfer

analysis, the most important factor considered is whether "key fact witnesses" will be substantially

inconvenienced if the court should deny transfer.  *Mohamed,* 90 F. Supp. 2d at 774.  Further, the

convenience of non-party witnesses weighs more heavily in favor of transfer than the convenience

of party witnesses.  *Shoemake*, 233 F. Supp. 2d at 832.  The moving party must "specifically identify

4

key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (quoting *Hupp v. Siroflex of America, Inc.*, 848 F. Supp. 744, 749 (S.D. Tex. 1994)).

The movants do not identify any key witnesses or outline the substance of their testimony with the requisite specificity. In fact, in their opening brief, the only language on point is as follows:

> . . .Fire King's evidence and witnesses are located in Indiana there is little question that travel to Marshall would first involve traveling into and through Dallas. There simply is no reason to impose this unnecessary burden upon the true plaintiff Fire King, especially when the Dallas Division of the Northern District is also much more convenient to Tidel.

Opening Brf. at 7.

In their reply brief, the most specific argument that the defendants make is that "[o]ther key witnesses are located in and around New Albany, Indiana, the site of Fire King's headquarters and center of operations. . . Other key witnesses are located from California and Oregon on the west coast to Florida on the east coast. Accordingly, Fire King employees and witnesses will be required to fly from DFW and thereafter travel by car, a distance of 171 miles." Reply Brf. at 3. However, the movants fail to specifically identify the witnesses that would be inconvenienced and fail to outline the substance of their testimony as required by law.

The movants fail to *specifically* identify one witness (that is not employed by the plaintiff) for whom the Northern District is more convenient. The only specifically identified witness for whom the Northern District is an employee of the plaintiff. In light of the plaintiff's choice to file in the Eastern District, the court finds that this factor is neutral.

### 3. The place of the alleged wrong

The defendants sell accused products in the Eastern District of Texas. The court finds that this factor weighs against transfer.

### 4.  The cost of obtaining the attendance of witnesses and

### the availability of compulsory process

As previously noted, the defendants are principally located in Indiana.  The movants have

not identified any witnesses for whom the cost of obtaining attendance would be greater for the

Northern District than the Eastern District.  Moreover, the availability of compulsory process is the

same for the Northern District as well as the Eastern District.  The plaintiff's witnesses are party

witnesses and may be compelled to attend trial in the venue chosen by the plaintiff.   Additionally,

this is a patent case and will likely  mirror the vast majority of patent cases in that expert testimony

will be important to the parties' arguments, claims, and defenses.  The availability of compulsory

process is not an issue for expert witnesses.  The court finds that this factor is neutral.

### 5. The accessibility and location of sources of proof

The court notes that this factor has become less significant in a transfer analysis because of

the advances in copying technology and information storage.  *Mohamed*, 90 F. Supp. 2d at 778.

Once again, because the defendants are located in Indiana, the evidence is no more accessible in the

Northern District than the Eastern District.  Again, the plaintiff is principally located in the Northern

District, but chose to file in the Eastern District, so the court will not consider the inconvenience the

plaintiff imposed on itself.  This factor is neutral.

### 6.  The possibility of delay and prejudice if transfer is granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only

in rare and special circumstances and when such circumstances are established by clear and

convincing evidence."  *Shoemake*, 233 F. Supp. 2d at 834 (citing *In re Horseshoe Entm't*, 305 F.3d

354, 358 (5th Cir. 2002)).  The court is unaware of any possibility of delay or prejudice if the case

is transferred.  This factor is neutral.

   *B.   Public Interest Factors*

<u>1. The administrative difficulties caused by court congestion</u>

The court is not aware of any administrative difficulties flowing from the Eastern District, but not the Northern District.  Therefore, this factor is neutral.

<u>2.  The local interest in adjudicating local disputes</u>

The products at issue are sold in the Eastern District of Texas.  The citizens of the Eastern District have an interest in adjudicating issues of patent infringement with respect to products sold in the Eastern District of Texas.   This factor weighs against transfer.

<u>3. The unfairness of burdening citizens in an unrelated forum with jury duty</u>

The products at issue are sold in the Eastern District of Texas.  This factor weighs against transfer.

<u>4. The avoidance of unnecessary problems in conflict of laws</u>

The court finds that this factor is inapplicable in this transfer analysis.

**III.  Conclusion**

 Upon application of the section 1404(a) factors to this case, the court has exercised its discretion and has concluded that transfer to the Northern District is not  warranted.  The incident(s) giving rise to this cause of action occurred within the Eastern District.  The court finds that the competing factors do not justify a transfer.  The court DENIES Defendants' Motion to Transfer Venue.

SIGNED this 31st day of March, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE